UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

PAUL ROSS,

         Plaintiff,

   -against-             3:13-CV-01250 (LEK/DEP)

KRISTIN DEMPSEY O'DONNELL,

         Defendant.

## MEMORANDUM-DECISION and ORDER

**I. INTRODUCTION**

*Pro se* Plaintiff Paul Ross ("Plaintiff") alleges that Defendant Kristin Dempsey O'Donnell ("Defendant") provided false information to federal authorities and engaged in malicious prosecution in connection with a criminal investigation of Plaintiff. Dkt. Nos. 1, Ex. A ("Complaint"); 11; see also USA v. Ross, No. 07-CR-0572 (N.D.N.Y. Dec. 19, 2007); USA v. Ross, No. 13-CR-0418 (N.D.N.Y Oct. 31, 2013). Plaintiff originally filed his Complaint in New York Supreme Court, Broome County. Compl. Defendant subsequently removed the action, and filed a Motion to dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted under Federal Rules of Civil Procedure 12(b)(2), (3), and (6), respectively. Dkt. Nos. 1 ("Notice"); 7 ("Motion"). Because the Court finds that it lacks subject matter jurisdiction, this action is remanded in its entirety.

## II. BACKGROUND[1]

In 2003, Plaintiff twice met with Defendant, the vice president of a uniform and supply company, at a Denny's restaurant in Pennsylvania, where she agreed to purchase stolen "invoices" from Plaintiff. Compl. at 8-9.[2] The following year the Federal Bureau of Investigation ("FBI") launched an investigation into the stolen invoices. Id. at 9. When Plaintiff informed Defendant that the FBI had contacted him, Defendant offered Plaintiff $200,000 to "keep her name out of it." Id. While the FBI investigated allegations of Defendant's involvement, she was never arrested or charged with any criminal wrongdoing. Dkt. No 7-3 ("Bokal Affidavit") ¶¶ 6-7.

Plaintiff became upset that only he, and not Defendant, was being charged regarding the stolen invoices. See Compl. at 11-12. In early 2007, Plaintiff arranged with an individual in Africa to send Defendant emails threatening to injure Defendant, her family, and her employees, and to burn down Defendant's business, unless she paid Plaintiff $20,000. Bokal Aff. ¶¶ 6-7. On April 18, 2008, Plaintiff pled guilty to extortion by threatening communications in interstate commerce, in violation of 18 U.S.C. § 875(b). Id. ¶ 6. Plaintiff was sentenced on September 6, 2008, to twenty seven-months of imprisonment, followed by three years of supervised release. Id. ¶ 8.

Upon his release from prison, from July through October 2013, Plaintiff engaged in a campaign to threaten and harass Defendant by sending her intimidating emails and posting vengeful comments and photographs on Facebook. See Ross, No. 13-CR-00418, Dkt. No. 17 at 4-5. On March 7, 2014, Plaintiff pled guilty to interstate stalking, in violation of 18 U.S.C. § 2261(A)(2).

---

[1] The Court accepts Plaintiff's allegations as true, as it must in determining subject matter jurisdiction. See Natural Res. Def. Council v. Johnson, 461 F.3d 164, 171 (2d Cir. 2003) ("[T]he court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff.").

[2] The pagination corresponds to the page numbers assigned by ECF.

Id. at 1.  Plaintiff was sentenced on June 11, 2014, to thirty-three months of imprisonment, followed by three years of supervised release.  Ross, No. 13-CR-00418, Dkt. No. 29.

In his Complaint, Plaintiff alleges that: (1) he was falsely imprisoned because Defendant lied to FBI agents during the investigation of the stolen invoices; (2) Defendant provided false reports to the U.S. Probation Office to "inflate the seriousness of [Plaintiff's] involvement"; (3) Defendant caused him to remain unjustly imprisoned by failing to "come forward and admit she was not truthful to the FBI investigators"; (4) upon Plaintiff's release from prison, Defendant called Plaintiff's probation officer weekly to try and have him sent back to prison; (5) Defendant lied to the U.S. Attorney's office when she claimed that Plaintiff was sending her threatening emails; and (6) Defendant's husband and others conspired to intimidate Plaintiff from continuing with this action.  Compl. at 11-12.  Plaintiff seeks $25,000 in damages, together with court costs and fees.  Id. at 12.

### III. LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a civil action filed in state court can be removed to federal court only if the district court has original jurisdiction over the claim.  See Montefiore Med. Ctr. v. Teamsters Local 272, 642 F.3d 321, 327 (2d Cir. 2011); Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 271 (2d Cir. 1994).  Federal district courts are "courts of limited jurisdiction," Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005), and have subject matter jurisdiction only over cases in which there is a federal question, or in which there is complete diversity of citizenship between the parties.  See 28 U.S.C. §§ 1331, 1332.

A removing defendant "has the burden of establishing that removal was proper."  Kirkland v. Rolle, No. 11 Civ. 5978, 2011 WL 5024200, at *2 (S.D.N.Y. Oct. 14, 2011).  However, "[a] court

3

may *sua sponte* inquire into the subject matter jurisdiction and satisfy itself that such jurisdiction exists." U.S. v Robinson, 357 F. Supp. 2d. 523 (N.D.N.Y. 2005) (Kahn, J.) (citing Da Silva v. Kinsho Int'l Corp., 229 F.3d 358, 361 (2d Cir. 2000) (noting that it is the obligation of the court to determine whether it has subject matter jurisdiction, even in the absence of a challenge from any party)); Arar v. Ashcroft, 532 F.3d 157, 168 (2d Cir. 2008) ("Determining the existence of subject matter jurisdiction is a threshold inquiry and a claim is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks statutory or constitutional power to adjudicate it."). In a case removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); FED. R. CIV. P. 12(h)(3); see also Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund, 500 U.S. 72, 89 (1991) ("[T]he literal words of § 1447(c) . . . give no discretion to dismiss rather than remand an action.").

## IV. DISCUSSION

Plaintiff's Complaint, which was filed in state court, does not allege any federal causes of action. See generally Compl. In the Notice of removal, Defendant asserts that federal-question jurisdiction exists because "[w]hile not well pled by the Plaintiff, the allegations contained in the Plaintiff's Complaint are based on Federal substantive law including presumably 42 U.S.C. § 1983 and 42 U.S.C. § 1985," as well as 18 U.S.C. § 1001. Notice ¶¶ 10, 12-13. Alternatively, in her "Notice of Filing of Notice of Removal," Defendant states that removal was proper due to complete diversity of citizenship among the parties pursuant to 28 U.S.C. § 1332. See Dkt. No. 1, Ex. B at 14.

4

### A. Federal Question

Federal-question jurisdiction is properly invoked when there is "a colorable claim 'arising under' the Constitution or laws of the United States." Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006) (quoting 28 U.S.C. § 1331). "[T]he vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action." Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986) (citing Am. Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916)).

The Court is mindful that, "[a]s frequently happens where jurisdiction depends on subject matter, the question whether jurisdiction exists has been confused with the question whether the complaint states a cause of action." Town of W. Hartford v. Operation Rescue, 915 F.2d 92, 100 (2d Cir. 1990) (quoting Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913)). The Second Circuit has announced that "the test is whether 'the cause of action alleged is so patently without merit as to justify . . . the court's dismissal for want of jurisdiction.'" Town of W. Hartford, 915 F.2d at 100 (quoting Hagans v. Lavine, 415 U.S. 528, 542-43 (1974)).

Here, Plaintiff has not explicitly alleged any federal causes of action. Compl. at 11-12. However, Defendant interprets Plaintiff's Complaint to allege violations of three federal statutes sufficient to confer federal-question jurisdiction over this action. See Notice ¶¶ 10-13. The Court finds that even if Plaintiff's claims were construed as federal causes of action, each is "patently without merit," and therefore insufficient to establish federal-question jurisdiction. See Town of W. Hartford, 915 F.2d at 100.

First, 18 U.S.C. § 1001, which prohibits an individual from making a false statement to a government official, is a criminal statute. A private individual "lacks standing to assert any claim

5

under the criminal statute 18 U.S.C. § 1001." Conway v. Garvey, 135 Fed. App'x 485, 486 (2d Cir. 2005). Thus, Plaintiff cannot bring a claim under § 1001.

Second, 42 U.S.C. § 1983 "provides a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory.'" Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922 (1982) (quoting 42 U.S.C. § 1983). "It is well-settled that a § 1983 claim does not lie against the federal government, its agencies, or employees." Feldman v. Lyons, 852 F. Supp. 2d. 274, 278 (N.D.N.Y. 2012). Chodos v. F.B.I., 559 F. Supp. 69, 72 (S.D.N.Y. 1982) ("An action brought pursuant to 42 U.S.C. § 1983 cannot lie against federal officers."). However, the Supreme Court recognized a parallel cause of action against federal agents in Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). See also Correctional Servs. Corp. v. Malesko, 534 U.S. 61, 66 (2001); Davis v. Passman, 442 U.S. 228 (1979); Carlson v. Green, 446 U.S. 14 (1980). To state a Bivens claim, a plaintiff must show that "(1) a defendant acted under color of federal law (2) to deprive plaintiff of a constitutional right." Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995).

While a private individual ordinarily may not be held liable under Bivens, she may be found to have acted "under color of law" when she is a "willful participant in joint activity" with the federal government or its agents. United States v. Price, 383 U.S. 787, 794 (1966). Specifically, "[t]o demonstrate that a private party was acting under color of federal law, a plaintiff must establish that [the] defendant's actions were commanded or encouraged by the federal government, or that the defendants were so intertwined with the government as to become painted with color of [federal] action." Strother v. Harte, 171 F. Supp. 2d 203, 206 (S.D.N.Y. 2001).

Here, Defendant asserts that Plaintiff has alleged a claim under § 1983. Notice ¶ 10. However, as stated *supra*, § 1983 is inapplicable because the Complaint only mentions federal agents, not state. See Lyons, 852 F. Supp. 2d at 278; Compl. at 11-12. Therefore, Plaintiff has not stated a claim under § 1983.

Furthermore, even if Plaintiff's allegations were construed as a Bivens claim, they are "patently without merit." Counts one, three, four, and five—(1) lying to investigators; (3) malicious prosecution; (4) intimidation; and (5) false report to the U.S. attorney's office—only allege individual action by Defendant; there is no indication of any joint activity with the federal government. See Compl. at 11. Additionally, counts six and seven appear to allege a conspiracy among Defendant's husband, who is an FBI agent, members of the U.S. Attorney's office, and a judge in the Northern District of New York.[3] Id at 12. However, Plaintiff has not alleged that Defendant, specifically, was involved in the conspiracy. See id. Therefore, Defendant could not have been a *joint* participant with the federal government, when she did not even participate herself. See Price, 383 U.S. at 794.

The only mention of any joint participation with the federal government is found in count two, labeled "false report given to the probation department," which alleges that Defendant and her husband "requested special favors" from the U.S. Attorney's office "to have the probation department inflate the seriousness of [Plaintiff's] involvement." Compl. at 11. Even if true, these allegations do not establish that Defendant was "commanded or encouraged by the federal government" or "so intertwined with the government" as to be acting "under color of [federal] law." Harte, 171 F. Supp. 2d at 206. Therefore, any claim under Bivens is "patently without merit."

---

[3] None of these individuals in the alleged conspiracy are parties to this action. See Compl.

Third, to establish a claim under 42 U.S.C. § 1985, a plaintiff must allege that the defendant "(1) engaged in a conspiracy; (2) acted for the purpose of depriving a person of equal protection of the laws or equal privileges and immunities; (3) acted in furtherance of the conspiracy; and (4) caused plaintiff injury with respect to his person or property, or was deprived of a right or privilege of a citizen of the United States." Mass v. McClenahan, 893 F.Supp. 225, 231 (S.D.N.Y. 1995). "Although private individuals may be liable under § 1985, . . . the Supreme Court has required a specific showing of a racial, or otherwise class-based, invidiously discriminatory animus in order to sustain an allegation of conspiracy under § 1985(3)." Duboys ex rel. Duboys v. Bomba, 199 F. Supp. 2d 166, 169 (S.D.N.Y. 2002).

Here, Plaintiff has not alleged that Defendant acted on "a racial, or otherwise class-based, invidiously discriminatory animus." Id. Accordingly, any claim under § 1985 is also "patently without merit." See Hagans, 415 U.S. at 528.

Finally, the Court notes that Plaintiff's Complaint does not establish federal-question jurisdiction under the "well-pleaded complaint rule." See City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 164 (1997) ("Even though state law creates [a party's] cause of action, its case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law.") (internal citation omitted). Here, Plaintiff's claims of malicious prosecution and lying to federal authorities do not "necessarily depend[] on resolution of a substantial question of federal law." Gully v. First Nat'l Bank in Meridian, 299 U.S. 109, 112 (1936). Therefore, Plaintiff's state law causes of action do not otherwise "arise under" federal law.

8

### B. Diversity Jurisdiction

Diversity jurisdiction requires that (1) all adverse parties be citizens of different states and (2) the amount in controversy exceed $75,000. See 28 U.S.C. § 1332(a); Herrick Co. v. SCS Commc'ns, Inc., 251 F.3d 315, 322 (2d Cir. 2000) (citing Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978)); St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant.") (citing Owen Equipment, 437 U.S. at 373-74). It is undisputed that the parties are citizens of different states. Plaintiff is a resident of Endwell, NY, and Defendant resides in Pennsylvania. See Compl. at 7-8. Therefore, the only question is whether the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a).

A removing defendant must show "a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." United Food & Comm'l Workers Union v. Centermark Properties Meriden Square, Inc., 30 F.3d 298, 304-05 (2d Cir. 1994) (citation omitted). In assessing the amount in controversy, the district court should first look to the complaint. See Samuels v. Elrac, Inc., No. CV-06-5345, 2006 WL 2862337, at *1 (E.D.N.Y. Oct. 5, 2006). Here, Plaintiff seeks damages of $25,000, together with court costs and fees. Compl. at 12. Section 1332(a) states that the $75,000 amount is "*exclusive* of interest and costs." 28 U.S.C. § 1332 (emphasis added). Furthermore, neither in the Notice of removal nor in the Motion to dismiss does Defendant offer any support that Plantiff's claim has a "reasonable probability" of exceeding $75,000. See generally Notice; Mot. Therefore, Defendant has failed to show that Plaintiff's claim exceeds the jurisdictional amount, and diversity jurisdiction does not exist over this action.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Clerk of the Court remand the entire action to New York State Supreme Court, Broome County; and it is further

**ORDERED**, that the Clerk of the Court mail a certified copy of this Decision and Order to the Clerk of New York State Supreme Court, Broome County, pursuant to 28 U.S.C. § 1447(c); and it is further

**ORDERED**, that the Clerk of the Court close this case; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: July 29, 2014
Albany, NY

Lawrence E. Kahn
U.S. District Judge